IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIA C. CHEVALIER, | No. C 06-02526 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| COUNTY OF ALAMEDA, et al., | |
| Defendants. | |

On June 30, 2006, the Court held a hearing on defendants' motion to dismiss plaintiff's complaint. Plaintiff failed to file an opposition to defendants' motion and also failed to appear for the hearing. The matter was submitted without argument. Having considered defendants' moving papers, the Court hereby GRANTS defendants' motion and dismisses this action without leave to amend.

**BACKGROUND**

Plaintiff Kia Chevalier is an African American woman between the ages of 25 and 35.[1] On March 28, 2005, she entered the California Superior Court building in Hayward. As she waited to pass through the metal detector, she informed the two sheriffs that she was wearing a back brace to support a vertebrae disability. After her back brace was inspected by one of the sheriffs, she was allowed to proceed through into the Courthouse. As she entered the security area, however, the other sheriff, who plaintiff describes as "Mexican," yelled "HELP, SHE'S GOT A BOMB! SHE'S GOT A BOMB

---

[1] Because this is a motion to dismiss, the facts in the complaint are taken as true. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005) ("On a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff, taking all her allegations as true and drawing all reasonable inferences from the complaint in her favor.").

1 ATTACHED TO HER WAIST!" He then declared "I'm joking! I always joke with you people, go 2 ahead, go on through!" Plaintiff immediately reported the incident to the sheriff's supervisor, and filled 3 out a citizen's complaint.

4 On April 11, 2006, plaintiff filed this action *pro se* against Alameda County, the Alameda 5 County Sheriff's Department, and AIMS Insurance Company.[2] The complaint seeks damages for 6 disability discrimination, violation of the Equal Protection Clause, and violation of the Due Process 7 Clause of the Fourteenth Amendment. Defendants now move to dismiss.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for failure to state a claim. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

---

[2] It is unclear how AIMS is related to this action, as plaintiff's complaint alleges only that AIMS is a "legally constituted entity," and contains no other factual allegations related to AIMS.

2

Plaintiff brings her disability discrimination claim under Title II of the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff does not allege that she was denied access to the courthouse or otherwise excluded from or denied the benefits of services available in the courthouse. Rather, the discrimination alleged is the fact that the sheriff made an inappropriate joke at her expense. For obvious reasons, allowing a Title II claim based on such grounds alone would vastly expand the reach of the ADA, resulting in a general government "civility code." *Cf. MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1281 (10th Cir. 2005) (in hostile work environment claims, courts should filter out "occasional teasing . . . to ensure that Congressional enactments such as the ADEA do not become trivialized as a civility code."). Accordingly, although the remark if made was unprofessional and understandably upsetting to plaintiff, the Court finds that plaintiff's complaint fails to state a cause of action for disability discrimination.[3]

As to plaintiff's allegations that her constitutional rights were violated, plaintiff must bring those claims under 42 U.S.C. § 1983. *See Azul-Pacific, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). The doctrine of respondeat superior, however, does not apply in § 1983 cases. *Ashelman v. Polk*, 793 F.2d 1072, 1074 n.1 (9th Cir. 1996). Thus, in suing Alameda County (of which the Sheriffs' Department is a part), plaintiff must allege that the conduct complained of was done pursuant to a "policy or custom" of Alameda County. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Plaintiff's complaint contains no such allegations, and the Court is extremely skeptical that such a policy or custom exists.

Defendants have established that plaintiff's complaint fails to state a claim for relief. This is not altogether surprising, given that plaintiff has been declared a vexatious litigant by the California courts. *See* Def. Request for Judicial Notice. Plaintiff, for her part, after filing the action *in forma pauperis*, did not file any opposition to defendant's motion, nor did she appear at the noticed hearing. As plaintiff has made no attempt to defend her complaint, and as it is apparent to the Court that plaintiff cannot state

---

[3] For similar reasons, to the extent plaintiff's complaint contains a cause of action for race discrimination, the Court finds that it fails to state a claim.

3

a claim under federal law, the Court DISMISSES plaintiff's complaint, with prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' unopposed motion to dismiss (Docket No. 9).

**IT IS SO ORDERED.**

Dated: June 30, 2006

SUSAN ILLSTON
United States District Judge